LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LUIS GARCIA,
NOE ROJAS and
ALEJANDRO SALAS,
on behalf of themselves and
FLSA Collective Plaintiffs,

      Plaintiffs,

  v.

GREEN SUMMIT GROUP LLC,
COLUMBIA ORGANIC HOLDINGS, LLC,
FREEFOODS NYC 150 EAST 52ND STREET, LLC,
PETER SCHATZBERG and
MICHAEL SCHATZBERG,

      Defendants.

Case No.:

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, LUIS GARCIA, NOE ROJAS and ALEJANDRO SALAS (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, GREEN SUMMIT GROUP LLC, COLUMBIA ORGANIC HOLDINGS, LLC, FREEFOODS NYC 150 EAST 52ND STREET, LLC (the "Corporate Defendants"), PETER SCHATZBERG and MICHAEL

1

SCHATZBERG (together, the "Individual Defendants", and collectively with the Corporate Defendants, the "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid compensation for off-the-clock work, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid compensation for off-the-clock work, (4) unpaid spread of hours premium, (5) liquidated damages and statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff LUIS GARCIA is a resident of Queens County, New York.

6. Plaintiff NOE ROJAS is a resident of Queens, New York.

7. Plaintiff ALEJANDRO SALAS is a resident of Queens County, New York.

8. Defendant GREEN SUMMIT GROUP LLC is a domestic limited liability company organized under the laws of New York, with a principal place of business located at

144-6 East 44th Street, New York, New York 10017 and an address for service of process located at c/o T.M. Management, 16 East 45th Street, 5th Floor, New York, New York 10036.

9. Defendant COLUMBIA ORGANIC HOLDINGS, LLC is a domestic limited liability company organized under the laws of New York, with a former principal place of business and an address for service of process located at 18 West 45th Street, New York, New York 10036.

10. Defendant FREEFOODS NYC 150 EAST 52ND STREET, LLC is a domestic limited liability company organized under the laws of New York, with a former principal place of business located at 150 East 52nd Street, New York, New York 10022, and an address for service of process located at c/o Brian J. Bocketti, Esq., Lippes Mathias Wexler Friedman LLP, 665 Main Street, Suite 300, Buffalo, New York 14203.

11. Upon information and belief, Defendant, PETER SCHATZBERG, is the Owner or Managing Partner of Corporate Defendants GREEN SUMMIT GROUP LLC, COLUMBIA ORGANIC HOLDINGS, LLC and FREEFOODS NYC 150 EAST 52ND STREET, LLC. PETER SCHATZBERG exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

12. Upon information and belief, Defendant, MICHAEL SCHATZBERG, is the Owner or Managing Partner of Corporate Defendants GREEN SUMMIT GROUP LLC, COLUMBIA ORGANIC HOLDINGS, LLC and FREEFOODS NYC 150 EAST 52ND STREET, LLC. MICHAEL SCHATZBERG exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and

other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

13. GREEN SUMMIT GROUP LLC, COLUMBIA ORGANIC HOLDINGS, LLC and FREEFOODS NYC 150 EAST 52ND STREET, LLC operate as a single integrated enterprise. Specifically, GREEN SUMMIT GROUP LLC, COLUMBIA ORGANIC HOLDINGS, LLC and FREEFOODS NYC 150 EAST 52ND STREET, LLC were engaged in related activities, share common ownership structure and have a common business purpose. The Corporate Defendants are commonly owned by Individual Defendants. Employees of Defendants were also interchangeable. Plaintiffs who were transferred to work at Green Summit restaurant did not receive additional training.

14. At all relevant times, each of Defendants GREEN SUMMIT GROUP LLC, COLUMBIA ORGANIC HOLDINGS, LLC and FREEFOODS NYC 150 EAST 52ND STREET, LLC, was and/or continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

16. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

17. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper wages and their proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to time shaving and an invalid tip credit. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

20.    Plaintiff LUIS GARCIA:

(a) In or around January 2014, Plaintiff, LUIS GARCIA, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' Freefoods NYC restaurant located at 18 West 45th Street, New York, New York 10036. LUIS GARCIA worked for Defendants until in or around November 2016.

(b) During the employment of Plaintiff, LUIS GARCIA, by Defendants, he was scheduled to work approximately twenty-seven (27) hours per week as follows: from 11:00am to 2:00pm on Mondays through Fridays, and from 5:00pm to 8:00pm on Mondays through

Thursdays. From the start of Plaintiff LUIS GARCIA'S employment with Defendants until on or about December 31, 2015, LUIS GARCIA received an hourly rate of $5.65. From on or about January 1, 2016 until the end of Plaintiff LUIS GARCIA'S employment with Defendants, LUIS GARCIA received an hourly rate of $7.50.

(c) Throughout Plaintiff LUIS GARCIA'S employment with Defendants, Defendants failed to compensate Plaintiff LUIS GARCIA for approximately three (3) hours per workday. After Plaintiff LUIS GARCIA clocked-out of his shift at 2:00pm and at 8:00pm on any given workday, Plaintiff LUIS GARCIA was sent to make an additional 2-3 deliveries, resulting in unpaid work of approximately one and a half (1.5) hours after clocking out each shift.

21. Plaintiff NOE ROJAS:

(a) In or around June 2011, Plaintiff NOE ROJAS was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' Freefoods NYC restaurant located at 18 West 45th Street, New York, New York 10036. In or around the beginning of January 2017, Defendants transferred Plaintiff NOE ROJAS with several other non-exempt employees to work for Defendants' "Green Summit" online restaurant, located at 144-6 East 44th Street, New York, New York 10017. Defendants' "Green Summit' is a web-only retail food business run through online vendors such as Seamless Web. NOE ROJAS worked for Defendants at "Green Summit" until on or about January 10, 2017.

(b) From the start of Plaintiff NOE ROJAS's employment by Defendants through the end of December 2016, he was scheduled to work approximately twenty-seven (27) hours per week as follows: from 11:00am to 2:00pm on Mondays through Fridays, and from 5:00pm to 8:00pm on Mondays through Thursdays. From on or about January 1, 2017 until the end of Plaintiff NOE ROJAS'S employment with Defendants, Plaintiff NOE ROJAS was scheduled to

work approximately fifteen (15) hours per week as follows: from 11:00am to 2:00pm for five (5) days a week. From the start of Plaintiff NOE ROJAS'S employment with Defendants until on or about December 31, 2015, NOE ROJAS received an hourly rate of $5.65. From on or about January 1, 2016 until the end of Plaintiff NOE ROJAS'S employment with Defendants, NOE ROJAS received an hourly rate of $7.50.

(c) Throughout Plaintiff NOE ROJAS'S employment with Defendants at Freefoods NYC, Defendants failed to compensate Plaintiff NOE ROJAS for approximately (3) hours per workday. After Plaintiff NOE ROJAS clocked-out of his shift at 2:00pm and 8:00pm, Plaintiff NOE ROJAS was sent to make an additional 2-3 deliveries, resulting in unpaid work for approximately one and a half (1.5) hours after clocking out each shift.

22. Plaintiff ALEJANDRO SALAS:

(a) In or around April 2011, Plaintiff ALEJANDRO SALAS was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' Freefoods NYC resaurant located at 18 West 45th Street, New York, New York 10036. In or around January 2017, Defendants transferred Plaintiff ALEJANDRO SALAS to work at Defendants' Green Summit online restaurant, at 144-6 East 44th Street, New York, New York 10017. Plaintiff ALEJANDRO SALAS worked for Defendants at "Green Summit" for approximately two weeks in January 2017.

(b) During the employment of Plaintiff ALEJANDRO SALAS by Defendants at Freefoods NYC, he was scheduled to work approximately twenty-seven (27) hours per week as follows: from 11:00am to 2:00pm on Mondays through Fridays, and from 5:00pm to 8:00pm on Mondays through Thursdays. During the employment of Plaintiff ALEJANDRO SALAS by Defendants at Green Summit, he was scheduled to work approximately fifteen (15) hours per

week as follows: from 11:00am to 2:00pm for five (5) days a week. From the start of Plaintiff ALEJANDRO SALAS'S employment with Defendants until on or about December 31, 2015, ALEJANDRO SALAS received an hourly rate of $5.65. From on or about January 1, 2016 until the end of Plaintiff ALEJANDRO SALAS'S employment with Defendants, ALEJANDRO SALAS received an hourly rate of $7.50.

(c) Throughout Plaintiff ALEJANDRO SALAS'S employment with Defendants at Freefoods NYC, Defendants failed to compensate Plaintiff ALEJANDRO SALAS for approximately (3) hours per workday. After Plaintiff ALEJANDRO SALAS clocked-out of his shift at 2:00pm and 8:00pm, Plaintiff ALEJANDRO SALAS was sent to make an additional 2-3 deliveries, resulting in unpaid work for approximately one and a half (1.5) hours after clocking out each shift.

23. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) and compensation for off-the-clock work.

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and FLSA Collective Plaintiffs.

25. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees due to their policy of time-shaving.

26. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of

the New York Labor Law. Defendants knowingly and willfully operated their business with a policy of not providing any wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

27. At all times, Defendants took an improper tip credit with respect to Plaintiffs and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper tip credit notice, (ii) maintain records of tips earned by employees and (iii) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law. At all times, Defendants also caused Plaintiffs and other tipped employees to spend more than 2 hours or 20% of their shift on non-tipped activities, including unloading deliveries, restocking, transferring ingredients between Defendants' locations, and assisting with food preparation in the kitchen. In addition, starting in 2017, Defendants claimed a tip credit that exceeded the statutory amount permissible as the tip credit minimum wage for service employees in 2017 is $9.15, and Defendants were improperly compensating their delivery persons at an hourly rate of $7.50.

28. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiffs reallege and reaver Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

9

30. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

31. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, each of Defendants, FREEFOODS NYC 150 EAST 52ND STREET, LLC and COLUMBIA ORGANIC HOLDINGS, LLC, had gross revenues in excess of $500,000.

33. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

34. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

35. Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

36. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

37. At all relevant time, the Defendants had a policy and practice of time shaving and refusing to pay Plaintiffs and FLSA Collective Plaintiffs for all their compensation earned due to off-the-clock work.

38. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

40. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

43. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

44. Plaintiffs reallege and reaver Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

46. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

47. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

48. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

49. Defendants willfully violated Plaintiffs' rights by operating their business with a policy and practice of time shaving and refusing to pay Plaintiffs for all their compensation earned due to off-the-clock work.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

51. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

52. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation , off the clock work and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages, off the clock work and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: December 29, 2017

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:   /s/ *C.K. Lee*
        C.K. Lee, Esq. (CL 4086)